UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ASHLEY 61596, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:09CV545 HEA |
| | ) |
| CITY OF MARTHASVILLE, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment, [Doc. No. 10]. Plaintiff opposes the Motion. For the reasons set forth below, the Motion is granted.

## Facts and Background

Plaintiff filed this action in the Circuit Court of Warren County, Missouri alleging violations of its constitutional right of free speech under the First Amendment to the United States Constitution, (Count I); Inverse Condemnation, (Count II); and Violation of its procedural due process in violation of 42 U.S.C. 1983, (Counts III and IV).

Defendant removed this matter pursuant to the Court's federal question jurisdiction, 28 U.S.C. § 1331. The Court also has supplemental jurisdiction

pursuant to 28 U.S.C. § 1367 over Plaintiffs related inverse condemnation claim.

Defendant has submitted a Statement of Uncontroverted Material Facts in support of its Motion for Summary Judgment, in which Defendant sets forth specific references to the relevant statutes and affidavits. Plaintiff does not specifically respond to Defendant's Statement of Uncontroverted Facts, rather, Plaintiff has filed an unverified response and in which he references a deposition of the Mayor of Marthasville, Missouri. Plaintiff did not attach the deposition to its response. This is insufficient to controvert Defendant's Statement of uncontroverted Material Facts.

> Pursuant to this Court's Local Rule 7-4.01(E),
>
> Every memorandum in opposition [to a motion for summary judgment] shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

As such, the following facts are deemed admitted for the purposes of the motion for summary judgment.

> Defendant is a municipal corporation organized and existing under the laws of the state of Missouri. In 1965, the Missouri

Legislature enacted §226.540 R.S.Mo., which regulates the height, size, lighting, and spacing of billboards. In 1997, the Missouri legislature enacted into law §71.288 R.S.Mo. which states: "Any city or county shall have the authority to adopt regulations with respect to outdoor advertising that are more restrictive than the height, size, lighting and spacing provisions of sections 226.500 to 226.600, RSMo."

On June 14, 2005, Defendant passed an ordinance titled "An ordinance for the purpose of regulating unlawful signs and billboards within the city limits of Marthasville, Missouri" (City Ordinance No. 287). In pertinent part, City Ordinance No. 287 contains the following language:

> (3) No billboard shall be erected closer than five hundred (500) feet from any wetland, 500 year flood plain or flood way.
>
> (4) No billboard shall be erected closer than two thousand (2000) feet from any residential structure.
>
> (5) No billboard shall be erected closer than five hundred (500) feet from any church, school or park.
>
> (8) No billboard shall be erected within five hundred (500) feet of an interchange or intersection at grade. Such five hundred (500) feet shall be measured from the beginning or ending of the pavement widening at the exit from or entrance to the main traveled way.
>
> (10) The maximum surface area of a billboard along any state highway or county road shall be two hundred eighty-eight (288) square feet. The maximum surface of a billboard along any city street shall be one hundred (100) square feet.

> (11) Billboards shall have only one sign surface area
> except that billboards may have two (2) sign surface areas
> if the surface areas are oriented in opposite directions. No
> V-shaped billboards shall be allowed.

City Ordinance #287 was modeled by the Board of Aldermen after a Model Billboard Ordinance created by Scenic Missouri and existing ordinances from the cities of Washington and Columbia, Missouri, and was developed with the intent to preserve and promote public health, safety, and welfare of the citizens of the City of Marthasville, Missouri. Section (3) of City Ordinance #287 was intended by the Board of Aldermen to prevent flood waters from damaging or causing debris to gather at the base of the billboard, possibly damaging or diverting flood waters to other properties or structures. Section (8) of City Ordinance #287 contains the identical spacing requirement as §226.540 R.S.Mo. and was intended by the Board of Aldermen to prevent blocking, obstructing or impairing the vision of the operator of a motor vehicle. Section (11) of City Ordinance #287 was intended by the Board of Aldermen to prevent the stacking of billboards thereby reducing the surface area and load to the billboard's support structure, preventing possible damage to persons and or property during high winds or storms. Section (4) of City Ordinance #287 was intended by the Board of Aldermen to maintain the aesthetic beauty and preserve the historical integrity of the residential areas in the City of Marthasville, Missouri. Section (5) of City Ordinance #287 was modeled after a Columbia, Missouri ordinance and was intended by the Board of Aldermen to preserve the privacy of churches, schools, and parks within the City of Marthasville, Missouri. Section (10) of City Ordinance #287 was modeled after a Columbia, Missouri ordinance and was intended to preserve the aesthetic beauty of the City of Marthasville, Missouri.

On May 9, 2006, Plaintiff and/or Plaintiff's agent filed an Application for Sign Permit with Defendant. In its Application for Sign Permit, Plaintiff requested permission to place a sign on property described as follows: State Hwy Rte 47 (Lot 4, Parklands). A hearing

on the Application for Sign Permit was held by the Board of Aldermen on May 9, 2006. The Board indicated that it had not received the application before the Board meeting and tabled the permit to a later date so that the full Board could vote on the permit.

A second hearing concerning the permit application was held on June 1, 2006, at which time Defendant's Board of Aldermen voted to deny the application. This hearing was a special meeting attended by the Mayor, Board of Aldermen, and citizens of the City of Marthasville. During the meeting, Plaintiff's agent/attorney Norvel Brown stated that the size of the billboard was 36'x10' with a 30 foot height, 288 square feet, and V shaped. The Board stated that it had measured the area, and that the sign was too close to the park, too close to the intersection, and too close to a residential area. The Board by unanimous vote denied the permit application. A letter dated June 5, 2006 was sent by Defendant to Plaintiff's attorney. The letter stated that the permit application was denied because it did not conform to sections (3), (4), (5), (8), (10), and (11) of City Ordinance #287.

On May 13, 2008, the Board of Aldermen of the City of Marthasville passed an ordinance titled "An ordinance for the purpose of regulating unlawful signs and billboards within the city limits of Marthasville, Missouri" (City Ordinance #321). The billboard section of City Ordnance #321 is identical to the billboard section of City Ordinance #287 and is currently in effect.

## Discussion

## Standard of Review

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); "Summary judgment is appropriate when the record, viewed in the light most favorable to the

non-moving party, demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Myers v. Lutsen Mtns. Corp.*, 587 F.3d 891, 893 (8th Cir.2009). If a nonmoving party has failed to establish the existence of an element of that party's claim, summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)" *Cole v. Homier Distributing Co., Inc.,* 2010 WL 1171741, 6 (8th Cir. 2010). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex,* 477 U.S. at 322; *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e); *Anderson* 477 U.S. at 256; *Littrell ,* 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d

920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995); *Smith v. International Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City*

*Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines*, 536 F.3d 813, 817 (8th Cir. 2008). While the moving party bears "the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleadings," the discovery, disclosure materials and affidavits "which it believes demonstrate the absence of a genuine issue of material fact," *Celotex,* 477 U.S. at 323 it is incumbent on the party with the burden of proof at trial to present sufficient evidence to establish the elements essential to its claims. See Celotex, 477 U.S. at 322-23. Thus, Plaintiff, even though the non-moving party for summary-judgment purposes, "must still 'present[ ] evidence sufficiently supporting the disputed material facts [such] that a reasonable jury could return a verdict in [its] favor.' " *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1003-04 (8th Cir.2005) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992)). *Glorvigen v. Cirrus Design Corp.,* 581 F.3d 737, 742 -743 (8th Cir. 2009).

      Plaintiff's Petition alleges that it received an Outdoor Advertising Permit from the Missouri Department of Transportation. Plaintiff does not contend that its

billboard seeks to display noncommercial speech.  Indeed, the Billboard Location Lease attached to the Petition establishes that the billboard Plaintiff seeks to erect is for an outdoor advertising structure.  Thus, the Court bases its rulings on analyzing Plaintiff's claims as they relate to commercial speech.

Count I of Plaintiff's Petition alleges that Defendant, through Ordinance 321, unlawfully restricted Plaintiff's rights under the First Amendment of the United States Constitution.  Plaintiff further alleges Ordinance 321 prevents any billboard of any size or specification from being erected within the city of Marthasville, Missouri.  Plaintiff seeks injunctive relief in the form of enjoining Defendant from enforcing Ordinance 321, declaratory relief in the form of a declaration that Ordinance 321 constitutes an unreasonable restriction on the right of free speech and that Plaintiff may erect a billboard that conforms to Missouri law, and damages and costs.

The First Amendment provides that "Congress shall make no law ... abridging the freedom of speech."  U.S. Const. amend I.  The amendment is made applicable to state and local governments through the Fourteenth Amendment.  *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557, 561, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980).

In determining whether a municipality's restrictions are contrary to the First Amendment, the Court must apply a four part test.  *Metromedia, Inc. v. City of San*

*Diego*, 453 U.S. 490 (1981).

> [I]n *Central Hudson Gas & Electric Corp. v. Public Service Comm'n*, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980), we held: "The Constitution ... accords a lesser protection to commercial speech than to other constitutionally guaranteed expression. The protection available for a particular commercial expression turns on the nature both of the expression and of the governmental interests served by its regulation." *Id.*, at 562-563, 100 S.Ct., at 2349-2350 (citation omitted). We then adopted a four-part test for determinating the validity of government restrictions on commercial speech as distinguished from more fully protected speech. (1) The First Amendment protects commercial speech only if that speech concerns lawful activity and is not misleading. A restriction on otherwise protected commercial speech is valid only if it (2) seeks to implement a substantial governmental interest, (3) directly advances that interest, and (4) reaches no further than necessary to accomplish the given objective. *Id.*, at 563-566, 100 S.Ct., at 2350-2351.

*Id.*, at 507.

Ordinance 321 falls squarely within each of the four prongs of this test. There is no dispute as to the first element. Ordinance 321's purpose is within the confines of the remaining elements. The Ordinance's purposes[1] are to advance the governmental interests of traffic safety, prevent possible damage to persons and or property during high winds or storms, to maintain the aesthetic beauty and preserve the historical integrity of the residential area of the City, preserve the privacy of churches, schools and parks within the City and preserve the aesthetic beauty of the

---

[1] These purposes are set out in Ordinance 287. Ordinance 321's billboard restrictions are identical to Ordinance 287. Plaintiff admits that the purpose and intent of Ordinance 287 apply to Ordinance 321.

City. Traffic safety and aesthetics are significant governmental interests. *Metromedia*, 453 U.S. at 508-09. Through restricting the type and placement of billboards within the City, the City is able to advance these substantial governmental goals. *Id*. Finally, Defendant has not completely banned all billboards. Quite the contrary, Defendant allows billboards which comply with the Ordinance's provisions. *Id.*

Plaintiff asserts that Defendant violated Missouri law because it did not comply with the provisions of R.S. MO § 89.50. As Defendant correctly argues, Plaintiff cites no authority of its position that § 89.50 applies to billboard ordinances. Chapter 89 of the Missouri Revised Statutes regulates zoning laws in cities, towns and villages. However, nothing in Chapter 89 requires a city, town or village to have a zoning law. Likewise, there are no provisions within Chapter 89 which address billboards. Plaintiff's reliance on Chapter 89 for its position that Defendant violated Missouri Law is misplaced.

Plaintiff agrees that § 71.288 R.S. Mo. specifically permits cities to adopt regulations that are more restrictive than the size and spacing provisions of the height, size, lighting, and spacing of outdoor advertising structures contained in § 226.500. There is, therefore no genuine issue of material fact that Defendant violated § 226.540

Count II of Plaintiff's Petition alleges that Defendant's act and conduct in the enactment of Ordinance 321 constitute an inverse condemnation and have severely damaged Plaintiff's property. The parties agree that in order to prevail on an inverse condemnation theory, Plaintiff must plead and prove an invasion or an appropriation of some valuable property right which the landowner has to the legal and proper use of his property. *Harris v. Missouri Dept of Conservation*, 755 S.W.2d 726, 729 (Mo.App. 1988). Plaintiff claims genuine issues of material fact exist as to whether Defendant's actions resulted in a negative economic impact on Plaintiff, and claims that the lost economic opportunity can be reasonably documented. Mere assertions of material fact do not satisfy Rule 56. Plaintiff may not rest on its allegations, but must present affidavits or other evidence establishing those disputed material facts. Plaintiff has not alleged it invested any money in preparing the billboard permit application or preparing its property for the erection of a billboard. Plaintiff merely alleges that the Ordinance prevents the erection of any billboard within the City. Plaintiff has completely failed to present any evidence of an invasion or an appropriation of a valuable property right.

Counts III and IV of Plaintiff's Petition allege Defendant violated its procedural due process rights by enacting Ordinance 321. Plaintiff claims that it has been pled, and it can be proven, that Defendant failed to comply with R.S. Mo. 89, which requires notice and opportunity for public comment prior to adoption of the

Ordinance. As previously discussed, nothing contained in Chapter 89 requires a city, town or village to enact a zoning code; Chapter 89 sets out requirements in the event zoning laws are enacted. Billboards are not included anywhere within Chapter 89 and Plaintiff has presented no authority establishing that the requirements of Chapter 89 include ordinances which regulate billboards. Plaintiff's claims of violations of due process for failure to comply with Chapter 89 fail because of this.

Section 71.288 R.S. Mo. specifically grants cities and counties the authority to adopt regulations regarding outdoor advertising that are more restrictive than the provisions of 226.500 to 226.600. This is precisely the route taken by Defendant in enacting Ordinances 287 and 321. These ordinances have nothing to do with zoning. Plaintiff's reliance on *State ex rel. Casey's General Stores, Inc. v. City of Louisiana*, 734 S.W.2d 890 (Mo.App. 1987), is greatly misplaced. There was no doubt in *Casey's* that at issue was a *zoning ordinance*. In the matter before this Court, there are simply no issues with regard to a zoning code, zoning ordinance or zoning issue.

## Conclusion

Plaintiff has failed to controvert Defendant's evidence that there exists no genuine issues of material fact. Defendant is therefore entitled to judgment as a

matter of law. The Motion for Summary Judgment will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, [Doc. No. 10], is **GRANTED**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 6th day of July, 2010.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE